**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **REBECCA GREGORY** <br> 6 Sandy Ridge Drive <br> Doylestown, PA 18901 <br><br> **Plaintiff,** <br><br> **v.** <br><br> **PORT AUTHORITY PRODUCTIONS, LLC <br> d/b/a HEROIC PUBLIC SPEAKING** <br> 3 Glen Eagles Drive <br> New Hope, PA 18938 <br><br> **Defendant.** | **CIVIL NO.** _____ <br><br><br> ***JURY TRIAL DEMANDED*** |

## COMPLAINT – CIVIL ACTION

Plaintiff Rebecca Gregory ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant Port Authority Production, LLC d/b/a Heroic Public Speaking ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint contending that Defendant violated the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. § 2000gg, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* as amended by the Pregnancy Discrimination Act ("PDA"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 951, *et seq.* by discriminating and retaliating against her as well as by terminating her employment because of her sex, pregnancy, pregnancy-related medical conditions, and requests/need for pregnancy-related accommodations and leave.

1

**PARTIES**

2.      Plaintiff is a citizen of the United States and Pennsylvania who currently resides at 6 Sandry Ridge Drive, Doylestown PA 18901.

3.      Upon information and belief, Defendant is a for-profit company formed in Delaware with a registered office located at 3 Glen Eagles Drive, New Hope, PA 18938 and a principal place of business located at 287 S. Main Street, Suite 12, Lambertville, NJ 08530.

**JURISDICTION AND VENUE**

4.      Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5.      On or about June 18, 2024, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e).

6.      Plaintiff's EEOC Charge was docketed No. 524-2024-02349 and was filed within one hundred and eighty (180) days of the unlawful employment practice.

7.      By correspondence dated November 25, 2025, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising that Plaintiff had ninety (90) days to file suit against Defendant.

8.      Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintain this action.

9.      This is an action authorized and instituted pursuant to the PWFA, Title VII, the ADA, the NJLAD, and the PHRA.

10.     Plaintiff filed the instant action within the statutory time frame applicable to her claims.

11.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12.     This Court has supplementary jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as her federal claims.

13.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the unlawful practices of which Plaintiff is complaining were committed in the state of New Jersey and because Defendant does business in New Jersey.

## FACTUAL BACKGROUND

14.     Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15.     Plaintiff began her employment with Defendant in or around March 2019, in the position of Marketing Coordinator.

16.     Throughout her employment, Plaintiff performed her job well, receiving positive reviews of her performance, occasional praise, and no justifiable discipline.

17.     Indeed, Defendant promoted Plaintiff multiple times throughout her employment, ultimately to the role of Student Experience Manager.

18.     Additionally, Plaintiff received multiple raises, most recently in or around December 2023.

19.     Plaintiff split her time working remotely from her home in Doylestown, PA and in-person at Respondent's office located at 287 S. Main Street, Suite 12, Lambertville, NJ 08530.

20.     In or around 2022, Plaintiff commenced the in vitro fertilization (IVF) process in hopes of becoming pregnant, and she advised Defendant that she was starting IVF.

3

21.      Beforehand, Defendant had maintained a policy allowing employees to take twelve (12) weeks of maternity leave at their full rate of pay.

22.      Specifically, Respondent's policy stated employees on "primary parental leave" were entitled to "receive full pay and benefits for a period of 12 (twelve) weeks."

23.      However, after Defendant learned Plaintiff was undergoing IVF, in or around August 2022, Defendant's Director of Operations, Julianne Hitner ("Ms. Hitner") informed Plaintiff that Defendant was changing its parental leave policy from twelve (12) weeks of leave with full pay to twelve weeks (12) of leave with only partial pay (60% of Plaintiff's regular rate).

24.      In or around October 2023, Plaintiff learned she was pregnant, and she notified Defendant and her coworkers of her pregnancy during a work event shortly thereafter.

25.      Because of complications and sickness related to Plaintiff's pregnancy, she had to make multiple unplanned trips to the emergency room, beginning in or around late November 2023.

26.      Plaintiff advised Defendant each time she went to the emergency room and explained it was related to her pregnancy.

27.      However, the day after one of Plaintiff's pregnancy-related emergency room visits in or around December 2023, Ms. Hitner informed Plaintiff that Defendant was again changing its parental leave policy so that she would only be allowed take nine (9) weeks of leave with only 60% pay.

28.      When Ms. Hitner notified Plaintiff of this new policy chance, she told Plaintiff that "all babies do is eat, shit and sleep for the first few months" and since Plaintiff "work[s] from home most of the time, it will be easier to take care of them."

4

29.     On or about January 10, 2024, Plaintiff again went to the emergency room and notified Ms. Hitner she would be absent from work the next day as well, who recommended Plaintiff take the day off.

30.     However, when Plaintiff returned to work on or about January 12, 2024, her supervisor, Shana Booker ("Ms. Booker"), reprimanded her for requiring pregnancy-related time off, stating in their work group message: "You need to let us know when you're sick . . . . I cannot do all your work . . . . someone had to cover for you."

31.     A few days later, on or about January 17, 2024, Defendant's Chief Executive Officer, Michael Port ("Mr. Port"), messaged Plaintiff stating, "work is sloppy."

32.     Plaintiff told Ms. Hitner about Mr. Port's message, and Ms. Hitner told Plaintiff Mr. Port had been frustrated with Plaintiff for past six (6) months, notably during her pregnancy.

33.     Then, approximately two (2) days later, on or about January 19, 2024, Defendant abruptly terminated Plaintiff's employment.

34.     When advising Plaintiff of her termination, Defendant's Chief Revenue Officer, Amy Port ("Ms. Port") claimed "you never really fit in with the company" despite Plaintiff having worked there nearly five (5) years and despite Mr. Port having told Plaintiff in or around August 2023 that she was doing well and "really hitting [her] stride in my role as Student Experience Manager."

35.     Ms. Port also claimed that Plaintiff's "performance has been frustrating and distressing for others" which seemed to be a reference to the fact that she required time off due to her pregnancy, given Ms. Booker's previous comments.

36.     Notably, Defendant opted to terminate Plaintiff rather than provide her with a performance improvement plan (PIP) or otherwise attempt to address any alleged performance issues.

37.     Based on the foregoing, it is believed and therefore averred that Defendant terminated Plaintiff's employment because of her pregnancy, sex, pregnancy-related medical issues, and need/requests for pregnancy-related accommodations, in violation of the PWFA, Title VII, the PDA, the ADA, the NJLAD, and the PHRA.

38.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotions, benefits, earnings and earnings potential, potential benefits, and also has suffered other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation and damage to reputation and career.

**COUNT I**
**PREGNANT WORKERS FAIRNESS ACT ("PWFA")**
**42 U.S.C. 2000gg *et seq.***
**<u>DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE</u>**

39.     Paragraphs 1 through 38 are hereby incorporated by reference as through the same were fully set forth at length herein.

40.     Defendant violated the PWFA by failing to engage in the interactive process and failing to make reasonable accommodations to known limitations related to Plaintiff's pregnancy and related medical conditions.

41.     Defendant violated the PWFA by terminating Plaintiff's employment based on Defendant's obligation to make reasonable accommodations related to Plaintiff's pregnancy and related medical conditions.

42.     Defendant violated the PWFA by terminating Plaintiff's employment on account of Plaintiff requesting and/or using a reasonable accommodation(s) related to her pregnancy and related medical conditions.

43.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a)     Back wages and front pay in an amount to be determined at trial;

b)     Compensatory, punitive, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, willful, negligent, wanton, and/or malicious conduct;

c)     Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this matter;

d)     Pre-judgment interest in an appropriate amount; and

e)     Such other and further relief as is just and equitable under the circumstances.


**COUNT II**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("Title VII")**
**42 U.S.C. § 2000e, *et seq*.**
**PREGNANCY & SEX DISCRIMINATION**

44.     Paragraphs 1 through 43 are hereby incorporated by reference as though the same were fully set forth at length herein.

7

45.    Defendant violated Title VII by discharging Plaintiff and discriminating against her because of her sex, pregnancy, and related medical conditions.

46.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a)    Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

b)    Compensatory, punitive, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

c)    Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

d)    Pre-judgment interest in an appropriate amount; and

e)    Such other and further relief as is just and equitable under the circumstances.

**COUNT III**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, *et seq.***
**DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE**

47.    Paragraphs 1 through 46 are hereby incorporated by reference as though the same were fully set forth at length herein.

48.     Plaintiff is a qualified individual who suffered disabilities related to her pregnancy.

49.     Defendant was aware of Plaintiff's pregnancy related impairments and/or regarded Plaintiff as being disabled.

50.     Defendant violated the ADA by discriminating and retaliating against Plaintiff as well as by terminating her employment because of her actual and/or perceived pregnancy related disabilities, because of her record of impairment, and because she required and requested reasonable accommodations for her pregnancy-related disabilities/impairments.

51.     Additionally, Defendant violated the ADA by failing to accommodate Plaintiff and failing to engage in the interactive process.

52.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

a)     Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

b)     Compensatory, punitive, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

c)     Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

d)  Pre-judgment interest in an appropriate amount; and

e)  Such other and further relief as is just and equitable under the circumstances.

**COUNT IV**
**NEW JERSEY LAW AGAINST DISCRIMINATION**
**N.J.S.A. § 10:5-1, *et seq.***
**DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE –**
**PREGNANCY, SEX, DISABILITY**

53.  Paragraphs 1 through 52 are hereby incorporated by reference as if the same were more fully set forth at length herein.

54.  Defendant violated the NJLAD by discriminating and retaliating against Plaintiff as well as by terminating her employment because of her pregnancy, sex, pregnancy-related disabilities and impairments, and her need/requests for accommodation.

55.  Further, Defendant failed to engage in the interactive process and failed to accommodate Plaintiff, in violation of the NJLAD.

56.  As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the NJLAD.

57.  As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

a)  Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

b)      Compensatory, punitive, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

c)      Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

d)      Pre-judgment interest in an appropriate amount; and

e)      Such other and further relief as is just and equitable under the circumstances.

## COUNT V
## PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")
## 43 P.S. § 951, *et seq.*
## DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE – PREGNANCY, SEX, DISABILITY/HANDICAP

58.     Paragraphs 1 through 57 are hereby incorporated by reference as though the same were fully set forth at length herein.

59.     Defendant violated the PHRA by discriminating and retaliating against Plaintiff as well as by terminating her employment because of her pregnancy, sex, pregnancy-related disabilities and handicaps, and her need/requests for accommodation.

60.     Further, Defendant failed to engage in the interactive process and failed to accommodate Plaintiff, in violation of the PHRA.

61.     The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

62.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings, and benefits as well as other economic damages, mental anguish, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

a) Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

b) Compensatory, punitive, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

c) Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

d) Pre-judgment interest in an appropriate amount; and

e) Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:  */s/ Jake Daniel Novelli, Esq.*
Jake Daniel Novelli, Esquire
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jnovelli@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: November 24, 2025

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.